IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TYRONE ROBINSON, et al., | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:21-cv-02450-TLP-atc |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Before the Court by order of reference[1] is the United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion"), filed July 27, 2021. (ECF No. 8.) *Pro se* Plaintiff Tyrone Robinson filed a response on August 31, 2021. (ECF No. 12.) Defendant filed its reply on September 3, 2021. (ECF No. 14.) On September 10, 2021, Defendant filed a supplemental reply to the response. (ECF No. 15.)[2] For the following reasons, it is recommended that the Motion be denied.

### PROPOSED FINDINGS OF FACT

On February 24, 2021, Robinson filed a complaint in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis against Memphis Health Center, Inc. ("MHC"),

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2] The Court notes that Defendant did not seek, nor was it granted, permission to file a supplemental reply. Local Rule 12.1(c) allows for the filing of "a reply," not multiple replies. Though the supplemental reply helpfully provides new information related to Plaintiff's filing of an administrative claim, it also raises additional arguments that were not raised in its Motion. The Court addresses the supplemental reply in more detail below.

alleging medical negligence that caused the death of his mother, Rosie Jeter.  (ECF No. 1-4.)[3]  In the complaint, Robinson alleged that Jeter "suffered for many years of pain which appropriate testing and treatment could have prevent[ed] the long-standing suffering until her death on February 19, 2020."  (*Id.* at 3.)  The complaint includes brief recitations of details of several doctor and hospital visits Jeter made beginning in 2017 up to her emergency room visit two days before her death.  (*Id.* at 3–5.)

On July 7, 2021, MHC removed the matter to this Court pursuant to 42 U.S.C. § 233(c), which governs civil actions or proceedings against commissioned officers or employees of the United States.  It provides:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of title 28 and all references thereto.

42 U.S.C. § 233(c).

MHC's notice of removal includes the Declaration of Meredith Torres, a senior attorney in the General Law Division of the Office of the General Counsel for the Department of Health and Human Services (the "Department").  (ECF No. 1-2.)  In her declaration, Ms. Torres avows that MHC is deemed eligible for malpractice coverage under the Federal Tort Claims Act ("FTCA") and that it and its employees are "deemed to be employees of the United States Public Health Service, pursuant to 42 U.S.C. § 233(c)."  (*Id.* at 1.)  On July 7, 2021, the United States of America moved the Court to substitute it for MHC as the Defendant.  (ECF No. 6.)  The Court

---

[3] Robinson's complaint indicates that it was filed in the interest of his siblings and himself.  (ECF No. 1-4, at 3.)  Neither the complaint nor any of the subsequent filings include the names of any of Robinson's siblings.

granted that motion on July 22, 2021, dismissing MHC as a Defendant and substituting the United States of America in its place. (ECF No. 7.)

In the Motion now before the Court, Defendant asserts that the case should be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1), because this Court lacks subject matter jurisdiction over Robinson's claims. (ECF No. 8.) Defendant asserts that Robinson's sole means for recovery is via the FTCA, which waives sovereign immunity for certain claims, but not for claims where a plaintiff has failed to exhaust his administrative remedies. (*Id.* at 1–3.) In support of its Motion, the United States submitted a second declaration from Ms. Torres, dated June 29, 2021, stating that she could find no record of a claim regarding MHC's treatment of Jeter. (ECF No. 8-1.) Robinson's response, however, indicates that he "filed the [t]ort claim for [his] mother (Rosie Jeter deceased) after finding out this should have been my first step." (ECF No. 12, at 2.) In its supplemental reply, Defendant acknowledges that Robinson filed an administrative claim on behalf of his mother on August 30, 2021. (ECF No. 15, at 1.)

## PROPOSED CONCLUSIONS OF LAW

### I. Standard of Review for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides the means for dismissing cases in the absence of a federal court's limited jurisdiction. "Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Subject matter jurisdiction is a threshold issue which a court must determine before reaching other issues." *Brent v. Dep't of Veterans Affs. Debt Mgmt. Ctr.*, No. 19-cv-2446-TLP-dkv, 2020 WL 1889008, at *2 (W.D. Tenn. Feb. 11, 2020), *report and*

*recommendation adopted*, 2020 WL 917288 (W.D. Tenn. Feb. 26, 2020) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "may involve a facial attack or a factual attack." *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)). A facial attack "questions merely the sufficiency of the pleading." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009) (citing *Gentek Bldg. Prods. v. Sherwin-Williams Claims*, 491 F.3d 320, 330 (6th Cir. 2007)). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Rhea Drugstore, Inc. v. Smith & Nephew, Inc.*, No. 2:15-cv-02060-JPM-tmp, 2015 WL 3649061, at *2 (W.D. Tenn. June 10, 2015) (quoting *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "Where a Rule 12(b)(1) motion challenges the factual basis for jurisdiction, 'a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Id.* (quoting *Williams v. Hooah Sec. Servs.*, LLC, 729 F. Supp. 2d 1011, 1012 (W.D. Tenn. 2010)).

II.     **Whether the Court Has Jurisdiction over Robinson's Claims**

Absent consent, sovereign immunity generally bars claims against the United States of America. *Kohl v. United States*, 699 F.3d 935, 939 (6th Cir. 2012) (citing *Montez ex rel. Estate*

4

of *Hearlson v. United States*, 359 F.3d 392, 395 (6th Cir. 2004)).  The FTCA provides a limited waiver of that immunity

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Defendant accurately asserts that the remedy provided under § 1346(b) of the FTCA "shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim." 42 U.S.C. § 233(a).  The FTCA requires, however, that a party exhaust his administrative remedies before bringing suit against the government.  Under 28 U.S.C. § 2675(a),

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

In this case, it appears undisputed that Robinson had not filed an administrative claim on behalf of his mother before initiating this action, but that he has since done so.  (*See* ECF No. 12, at 2; ECF No. 15, at 1.)  Defendant argues that, even though Robinson has now filed an administrative claim, the order of his actions (i.e., filing this case before filing an administrative claim) mandates dismissal of this case, relying on *McNeil v. United States*, 508 U.S. 106 (1993).  In *McNeil*, the Supreme Court affirmed dismissal of the plaintiff's FTCA claim based on failure to exhaust administrative remedies where the plaintiff filed suit and then submitted an

administrative claim, even though the claim was denied before the government's motion to dismiss the suit was heard. 508 U.S. at 107–08. Though *McNeil* does not explicitly characterize the FTCA's claim exhaustion requirement as jurisdictional, it has been cited for that proposition. *See, e.g.*, *Harris v. City of Cleveland*, 7 F. App'x 452, 458 (6th Cir. 2001).

Two recent Sixth Circuit opinions, however, require a different conclusion. *See Copen v. United States*, 3 F.4th 875 (6th Cir. 2021); *Kellom ex rel. Kellom v. Quinn*, – F. App'x –, 2021 WL 4026789 (6th Cir. Sept. 3, 2021). The cases reflect the ongoing efforts by courts to determine whether a particular "requirement is jurisdictional or is instead a mandatory claims-processing rule that 'seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'" *Copen*, 3 F.4th at 879 (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)).

In *Copen*, the court analyzed the FTCA's requirement that a litigant must present a sum certain claim to the agency first before instituting an action in court.[4] The court acknowledged that the Sixth Circuit has "long referred" to FTCA exhaustion requirements as "jurisdictional prerequisites to filing suit" and that the Third and Eighth Circuits continue to consider them so. *Id.* at 880–81 (citations omitted). But the court nonetheless "reevaluate[d] the nature" of the requirements and, in doing so, "granted no deference" to *McNeil*, which "did not 'explicitly consider[] whether the dismissal should be for lack of subject matter jurisdiction or for failure to

---

[4] That section of the statute provides:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b).

state a claim.'" *Id.* at 881 (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006)); *see also id.* ("The jurisdictional nature of § 2675(a) was simply assumed by the Supreme Court in *McNeil* . . . .").

The court thus turned to "assess whether Congress clearly showed its intention to designate § 2675 a jurisdictional rule." *Id.*; *see also id.* at 880 (quoting *Arbaugh*, 546 U.S. at 515–16) (describing the Supreme Court's "'bright line' rule for whether a requirement is jurisdictional or whether it relates to the merits of a claim," which is whether "Congress 'clearly states that a threshold limitation on a statute's scope shall count as jurisdictional'"). The court found no such clear evidence in the FTCA and concluded that its "sum certain requirement is a mandatory claims-processing rule," not a jurisdictional one. *Id.* at 882.

Even more recently, the Sixth Circuit's decision in *Kellom* confirmed that the reasoning of *Copen* applies more broadly to the FTCA's exhaustion requirement. In *Kellom*, as here, the plaintiffs "failed to make any administrative claim at all before filing suit." *Id.* at *3. Even so, because "[t]he FTCA's provision requiring plaintiffs to first file an administrative claim does not say anything about a court's jurisdiction[,] failure to satisfy that requirement does not deprive a court of jurisdiction." *Id.*

Defendant's supplemental reply acknowledges the *Copen* and *Kellom* decisions but urges the Court to not follow them. Defendant argues that *Copen* dealt with a different FTCA provision and that *Kellom* is unpublished. It further cites to the concurring-in-part-and-dissenting-in-part opinion of Judge John M. Rogers in *Copen*, which noted that the court's discussion of the sum-certain requirement as jurisdictional or non-jurisdictional "is not only unnecessary, but also advisory dictum, not binding on future panels of this court." *Copen*, 3 F.4th at 884.

It is true that "[u]npublished decisions in the Sixth Circuit are, of course, not binding precedent on subsequent panels," but, at the same time, "their reasoning may be 'instructive' or helpful." *Crump v. Lafler*, 657 F.3d 393, 405 (6th Cir. 2011) (citations omitted). The reasoning of *Kellom* is particularly instructive and helpful here, as the facts in that case align with the facts before this Court. *Kellom* also appears to be the first—and to date, only—instance in which a Sixth Circuit panel has applied the holding from *Copen*. In so doing, the *Kellom* court acknowledged, "[t]o be sure, *Copen* dealt with a different aspect of the FTCA's exhaustion requirement. . . . But *Copen*'s reasoning is still instructive." *Kellom*, 2021 WL 4026789, at *3. And, like the FTCA's sum-certain requirement, its administrative exhaustion requirement does not "say anything about a court's jurisdiction." *Id.* The Court is bound by the decision in *Copen* and is persuaded by *Kellom*'s application of its holding. The Court rejects Defendant's invitation to disregard those rulings. Consistent with these recent Sixth Circuit decisions, Plaintiff's failure to exhaust his administrative remedies is not a jurisdictional defect. It is recommended that Defendant's request for dismissal for lack of subject matter jurisdiction be denied.

Defendant alternatively argues in its supplemental reply that, "[e]ven if this Court finds that administrative exhaustion is not jurisdictional, this case should still be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted." (ECF No. 15, at 3.) Defendant did not raise Rule 12(b)(6) as a grounds for dismissal in its Motion or its initial reply. Raising this alternative basis for dismissing the complaint for the first time in a reply brief is inappropriate, particularly where, as here, the new argument is raised in a supplemental reply Defendant did not seek leave to file. "Reply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Select Specialty Hosp.-Memphis, Inc. v. Trs. of Langston Cos.,*

8

*Inc.*, No. 2:19-cv-2654-JPM-tmp, 2020 WL 4275264, at *9 (W.D. Tenn. July 24, 2020) (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)). Defendant's request to dismiss the case for failure to state a claim under Rule 12(b)(6) is therefore not properly before the Court.

It is therefore recommended that the Motion be denied.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendants' Motion to Dismiss be DENIED in its entirety.

Respectfully submitted this 7th day of October, 2021.

s/Annie T. Christoff<br>
ANNIE T. CHRISTOFF<br>
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.