IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **TYRONE ROBINSON, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:21-cv-02450-TLP-atc |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Before the Court by order of reference[1] is the United States of America's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"), filed November 4, 2021. (ECF No. 23.) *Pro se* Plaintiff Tyrone Robinson filed a response on November 15, 2021. (ECF No. 24.)[2] For the following reasons, it is recommended that the Motion be granted and Robinson's complaint be dismissed without prejudice.

**PROPOSED FINDINGS OF FACT**

On February 24, 2021, Robinson filed a complaint in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis against Memphis Health Center, Inc. ("MHC"),

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.
[2] Robinson titled his filing "Tyrone Robinson motion to continue case for hearing against United States of America (Memphis Health)." The Court construes it as his response.

alleging medical negligence that caused the death of his mother, Rosie Jeter. (ECF No. 1-4.)[3] In the complaint, Robinson alleged that Jeter "suffered for many years of pain which appropriate testing and treatment could have prevent[ed] the long-standing suffering until her death on February 19, 2020." (*Id.* at 3.) The complaint describes several doctor and hospital visits Jeter made beginning in 2017 up to her emergency room visit two days before her death. (*Id.* at 3–5.)

On July 7, 2021, MHC removed the matter to this Court pursuant to 42 U.S.C. § 233(c), which governs civil actions against employees of the United States. It provides:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of title 28 and all references thereto.

42 U.S.C. § 233(c). MHC's notice of removal includes a declaration of Meredith Torres, an attorney with the Department of Health and Human Services (the "Department"), who avows that MHC is deemed eligible for malpractice coverage under the Federal Tort Claims Act ("FTCA") and that it and its employees are "deemed to be employees of the United States Public Health Service, pursuant to 42 U.S.C. § 233(c)." (ECF No. 1-2, at 1.) On July 7, 2021, the United States of America moved the Court to substitute it for MHC as the Defendant. (ECF No. 6.) The Court granted that motion on July 22, 2021, dismissing MHC as a Defendant and substituting the United States of America in its place. (ECF No. 7.)

On July 27, 2021, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that the Court did not have jurisdiction over this matter because

---

[3] Robinson's complaint indicates that it was filed in the interest of his siblings and himself. (ECF No. 1-4, at 3.) Neither the complaint nor any of the subsequent filings include the names of any of Robinson's siblings.

2

Plaintiff had failed to exhaust his administrative remedies. (ECF No. 8.) The Court issued a Report and Recommendation on October 7, 2021, in which it recommended denying that motion based on the conclusion that a party's failure to exhaust administrative remedies is not a jurisdictional defect, as articulated in *Copen v. United States*, 3 F.4th 875 (6th Cir. 2021), and *Kellom ex rel. Kellom v. Quinn*, – F. App'x –, 2021 WL 4026789 (6th Cir. Sept. 3, 2021). (ECF No. 19.) That Report and Recommendation is pending before the District Court.

In the Motion now before the Court, Defendant asserts that the case should be dismissed without prejudice based once again on Robinson's failure to exhaust his administrative remedies, but this time pursuant to Federal Rule of Civil Procedure 12(b)(6).[4]

## PROPOSED CONCLUSIONS OF LAW

**I.      Standard of Review for Failure to State a Claim**

To determine whether Plaintiff's Complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine

---

[4] Defendant raised the same argument in its supplemental reply brief to its initial motion to dismiss. (*See* ECF No. 15, at 3.) The Court did not consider those grounds when it issued its prior Report and Recommendation, noting that "[r]aising this alternative basis for dismissing the complaint for the first time in a reply brief is inappropriate, particularly where, as here, the new argument is raised in a supplemental reply Defendant did not seek leave to file." (ECF No. 19, at 8.)

3

whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not

4

encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

## II.     Whether Robinson States a Claim Under Rule 12(b)(6)

As a threshold matter, the Court must determine what information it may consider in deciding the Motion.  When ruling on a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court "has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014).  That scope is narrowed when dealing with motions to dismiss under Rule 12(b)(6), however, where "'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss' can be considered 'so long as they are referred to in the complaint and are central to the claims contained therein.'" *Boyd v. McHugh*, No. 2:12-cv-03021-JPM-tmp, 2013 WL 4854431, at *4 (W.D. Tenn. Sept. 11, 2013) (quoting *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011)).

In support of its assertion that Robinson has failed to exhaust his administrative remedies, thus warranting dismissal under Rule 12(b)(6), Defendant has attached another declaration from Ms. Torres.  (ECF No. 23-1.)  Ms. Torres asserts that she has searched the Department's Claims Office database and found that Robinson filed an administrative tort claim on behalf of his mother on August 30, 2021, related to MHC.  (*Id.* at 1.)  She further declares that, as of

5

November 2, 2021, no final determination had been issued by the Department and that Robinson has failed to exhaust his administrative remedies pursuant to 28 U.S.C. § 2675.  (*Id.*)

Ms. Torres's declaration is not referred to in the complaint and thus cannot be considered without converting the motion to one for summary judgment under Federal Rule of Civil Procedure 56.  *See Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (explaining that, "[i]f a court does consider material outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all material pertinent to the motion") (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010)).  Converting the Motion to a request for summary judgment is unnecessary in this case, as the record supports dismissal under Rule 12(b)(6) even without considering Ms. Torres's declaration.

As the Court explained in its earlier Report and Recommendation, absent consent, sovereign immunity generally bars claims against the United States.  *Kohl v. United States*, 699 F.3d 935, 939 (6th Cir. 2012) (citing *Montez ex rel. Estate of Hearlson v. United States*, 359 F.3d 392, 395 (6th Cir. 2004)).  Defendant accurately asserts that the FTCA is the exclusive remedy for injuries sustained as a result of the negligence of those deemed to be employees of the Public Health Service, which is the case for those employed by federally supported medical clinics such as MHC.  *Amlotte v. United States*, 292 F. Supp. 2d 922, 923 (E.D. Mich. 2003) (citing 42 U.S.C. § 233(g)).  The FTCA provides a limited waiver of sovereign immunity

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

6

The FTCA also requires that a party exhaust his administrative remedies before bringing suit against the government. Under 28 U.S.C. § 2675(a),

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

As the Court previously discussed, a failure to exhaust administrative remedies cannot serve as a basis for dismissal of an FTCA claim under Rule 12(b)(1). (ECF No. 19, at 6–9 (citing *Copen*, 3 F.4th 875; *Kellom*, 2021 WL 4026789).) Failure to exhaust can, however, serve as a basis for dismissal under Rule 12(b)(6). The court in *Copen* implied as much when it found that the sum-certain requirement in § 2675 was not jurisdictional but then remanded the case to the district court with the advice to "consider any arguments the parties may have under Fed. R. Civ. P. 12(b)(6) rather than 12(b)(1)." 3 F.4th at 884. Then in *Kellom*, the court noted that, once a plaintiff is made aware that they are suing a federal employee, "the court must dismiss the case against the employees. And the plaintiffs can try again by suing the United States after exhausting." 2021 WL 4026789, at *3.

Other Courts in the Sixth Circuit and elsewhere have been more explicit in concluding that a failure to exhaust administrative remedies before filing a claim under the FTCA renders the claim subject to dismissal without prejudice under Rule 12(b)(6). *See, e.g.*, *Powers v. United States*, No. 16-CV-13668, 2019 WL 1424331, at *3 (E.D. Mich. Mar. 29, 2019) (finding that "[t]he Magistrate Judge correctly concluded that Plaintiff did not exhaust her administrative remedies pursuant to 28 U.S.C. § 2675(a) before filing her tort claim . . . under the FTCA . . . and

7

the claim is therefore subject to dismissal without prejudice under Fed. R. Civ. P. 12(b)(6)");

*Foster v. FEMA*, 128 F. Supp. 3d 717, 729 (E.D.N.Y. 2015) (dismissing under Rule 12(b)(6) after finding that neither the plaintiff nor the court found a case "in which a district court has permitted a plaintiff to proceed with an FTCA claim without exhausting administrative remedies"); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 782 n.1 (7th Cir. 2014) (affirming dismissal of an FTCA claim for failure to exhaust under Rule 12(b)(6) rather than 12(b)(1), as the "administrative exhaustion requirement is better thought of as a condition precedent to the plaintiff's ability to prevail, not a jurisdictional rule") (citations and internal quotations omitted).

Here, the parties do not dispute that Robinson did not file a claim on his mother's behalf—let alone exhaust his administrative remedies—before filing this lawsuit. In response to Defendant's Motion to Dismiss for Lack of Jurisdiction, Robinson acknowledges he "filed the Tort claim for my mother (Rosie Jeter deceased) after finding out this should have been my first step." (ECF No. 12, at 2.)[5] Robinson's complaint does not include any reference to an administrative claim, and he therefore did not plead that he exhausted his administrative remedies. (ECF No. 1-4.) And in his response to the instant Motion, Robinson does not

---

[5] For the reasons described above, the Court will not consider Ms. Torres's declaration in ruling on the Motion. Nevertheless, it is notable that Defendant acknowledges there and elsewhere in the record that Robinson filed an administrative tort claim on his mother's behalf on August 30, 2021. (*See* ECF No. 15-1, at 1; ECF No. 23, at 2; ECF No. 23-1, at 1.) As Defendant explains, Robinson filed two administrative claims, one with the U.S. Department of Veterans Affairs (the "VA") and another with the Department. (ECF No. 23, at 2 n.1.) The VA denied Robinson's claim in a letter dated October 15, 2021, based its review of its records, which revealed that "Jeter was not a patient at the Memphis VA Medical Center." (ECF No. 23-2.) The Department, meanwhile, had not, as of November 4, 2021, issued a final determination as to Robinson's claim. (ECF No. 23, at 2 n.1.) It therefore appears that Robinson filed an administrative claim after filing this lawsuit and that the administrative claim is still pending.

8

contradict the United States' argument that he failed to exhaust his administrative remedies before initiating this lawsuit. (ECF No. 24.)

Robinson's failure to initiate his administrative claim and to wait for a final determination of that claim before filing this action is fatal to his case. Even if his claim, filed after this case began, were finally decided while this case is pending, "courts generally do not allow plaintiffs to attempt to cure an exhaustion deficiency while a claim is already pending before a federal court." *Elmore v. Harris*, No. 2:18-cv-2608-SHL-cgc, 2018 WL 6517125, at *2 (W.D. Tenn. Oct. 3, 2018) (citing *Edwards v. District of Columbia*, 616 F. Supp. 2d 112, 117 (D.D.C. 2009)). "Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *Id.* (quoting *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999)). Though *Elmore* was decided on jurisdictional grounds pursuant to Rule 12(b)(1), the underlying justification for the court's conclusion is equally applicable here.

Ultimately, though Robinson's failure to exhaust his administrative remedies does not function as a jurisdictional bar to his FTCA claims under Rule 12(b)(1), the failure renders his claim dismissible under Rule 12(b)(6). It is therefore recommended that the Motion be granted.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendant's Motion to Dismiss be GRANTED in its entirety and that Robinson's claims be dismissed without prejudice.

Respectfully submitted this 17th day of November, 2021.

s/Annie T. Christoff  
ANNIE T. CHRISTOFF  
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.