IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| TYRONE ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:21-cv-02450-TLP-atc |
| v. | ) | |
| | ) | |
| MEMPHIS HEALTH CENTER, INC., and | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Tyrone Robinson sued Defendant Memphis Health Center, Inc. ("MHC"), alleging medical negligence. (ECF No. 1-4 at PageID 11.) Defendant MHC moved to substitute the United States of America as Defendant, and the Court granted the motion.[1] (ECF Nos. 6 & 7.) Under Administrative Order 2013–05, the Court referred this case to Magistrate Judge Annie Christoff ("Judge Christoff") for management of all pretrial matters.

The United States then moved to dismiss for lack of jurisdiction. (ECF No. 8.) The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Court deny the motion. (ECF No. 19.) The United States then moved to dismiss for failure to state a claim. (ECF No. 23.) The Magistrate Judge issued another R&R, this time recommending the Court grant the motion to dismiss. (ECF No. 25.) Neither party objected. For the reasons below, the Court **ADOPTS** the latest R&R (ECF No. 25) and **GRANTS** Defendant's second motion to dismiss (ECF No. 23).

---

[1] The Court dismissed Defendant MHC from this action. (ECF No. 7 at PageID 31.)

## **THE REPORT AND RECOMMENDATION**

**I.    Facts of the Case**

In February 2021, Robinson sued Defendant MHC in Shelby County Circuit Court, alleging medical negligence causing the death of his mother, Rosie Jeter.  (ECF No. 1-4 at PageID 11.)  Robinson alleged that his mother "suffered for many years of pain which appropriate testing and treatment could have prevente[d] the long-standing suffering until her death on February 19, 2020."  (*Id.*)  The complaint details Jeter's hospital visits from December 2017 through two days before her death, describing her symptoms and diagnoses.  (*Id.* at PageID 11–12.)

In July 2021, Defendant MHC removed the case to this Court and moved to substitute the United States of America as Defendant under 42 U.S.C. § 233, which governs civil actions or proceedings against commissioned officers or employees.  (ECF Nos. 1 & 6.)  The Court granted the motion because "MHC and its employees are considered federal employees of the United States Public Health Service," and they "acted within the scope of their employment while providing this medical care."  (ECF No. 7 at PageID 31 (citing ECF Nos. 6 at PageID 28; 6-1).)

The United States then moved to dismiss for lack of jurisdiction because Plaintiff did not exhaust his administrative remedies.  (ECF No. 8.)  The Magistrate Judge entered an R&R, recommending the Court deny the motion because failure to exhaust is not a jurisdictional defect.  (ECF No. 19 at PageID 75 (citing *Copen v. United States*, 3 F.4th 875 (6th Cir. 2021); *Kellom ex rel. Kellom v. Quinn*, – F. App'x –, 2021 WL 4026789 (6th Cir. Sept. 3, 2021)).)  Defendant then moved to dismiss under Rule 12(b)(6) for failure to state a claim based on Plaintiff's failure to exhaust.  (ECF No. 23.)

The Court will now turn to the Magistrate Judge's analysis on the motion to dismiss.

## II.     The Magistrate Judge's Analysis

The R&R states that "absent consent, sovereign immunity generally bars claims against the United States." (ECF No. 25 at PageID 1150 (citing *Kohl v. United States*, 699 F.3d 935, 939 (6th Cir. 2012)).) But Judge Christoff explained that the Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity and "the exclusive remedy for injuries sustained as a result of the negligence of those deemed to be employees of the Public Health Service, which is the case for those employed by federally supported medical clinics such as MHC." (*Id.* (citing *Amlotte v. United States*, 292 F. Supp. 2d 922, 923 (E.D. Mich. 2003)).) And "[t]he FTCA also requires that a party exhaust his administrative remedies before bringing suit against the government." (*Id.* at PageID 1151 (discussing 28 U.S.C. § 2675(a)).) Under the FTCA,

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).

Judge Christoff noted that while failure to exhaust is not a basis for dismissing an FTCA claim for lack of jurisdiction, it can serve as a basis to dismiss under Rule 12(b)(6). (*Id.* (citing *Copen*, 3 F.4th at 884; *Kellom*, 2021 WL 4026789, at *3).) The R&R also states that other courts have "conclude[ed] that a failure to exhaust administrative remedies before filing a claim under the FTCA renders the claim subject to dismissal without prejudice under Rule 12(b)(6)." (*Id.* (citing *Powers v. United States*, No. 16-CV-13668, 2019 WL 1424331, at *3 (E.D. Mich.

3

Mar. 29, 2019); *Foster v. FEMA*, 128 F. Supp. 3d 717, 729 (E.D.N.Y. 2015); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 782 n.1 (7th Cir. 2014)).)

Later on, the R&R states, "the parties do not dispute that Robinson did not file a claim on his mother's behalf—let alone exhaust his administrative remedies—before filing this lawsuit." (*Id.* at PageID 1152.) In response to Defendant's first motion to dismiss, Plaintiff stated that he filed an administrative tort claim on his mother's behalf after receiving Defendant's motion and "finding out this should have been [his] first step." (ECF No. 12 at PageID 43.) And Judge Christoff noted that Plaintiff's response to Defendant's second motion to dismiss "does not contradict . . . that he failed to exhaust his administrative remedies before initiating this lawsuit." (ECF No. 25 at PageID 1152–53.) The R&R concludes that "Robinson's failure to initiate his administrative claim and to wait for a final determination of that claim before filing this action is fatal to his case." (*Id.* at PageID 1153.) And so the R&R recommends granting the motion to dismiss. (*Id.*)

## DISPOSITION

The Court has to review de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Because neither party has objected to the R&R, the Court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation. Fed. R. Civ. P. 72(b) advisory committee notes. But the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Having reviewed the R&R and the record here, the Court **ADOPTS** the R&R.

Although sovereign immunity generally bars courts from hearing claims for damages against the United States, the FTCA "waives the government's immunity from certain state-law

4

tort claims." *Kellom*, 2021 WL 4026789, at *2 (citing 28 U.S.C. § 1346(b)).  But "[b]efore plaintiffs can sue a federal employee, the FTCA requires them to exhaust administrative remedies." *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993))).  "That means plaintiffs must first present their damages claim to the relevant governmental agency and pursue that claim until the agency renders a final decision." *Id.* (citing 28 U.S.C. § 2675(a)).  The FTCA requires plaintiffs to exhaust administrative remedies on claims involving "a federal employee acting within the scope of her employment." *Id.*

Based on recent Sixth Circuit precedent, the FTCA's claim-processing rules are mandatory although not jurisdictional.  *See Copen*, 3 F.4th at 880–82 ("Section 2675 itself does not speak in jurisdictional terms, but rather in mandatory ones."); *see also Kellom*, 2021 WL 4026789, at *2–3.  As Judge Christoff noted, the Sixth Circuit held in *Copen* that the "sum certain requirement" of 28 U.S.C. § 2675(b) "is a mandatory claims-processing rule."  3 F.4th at 882.  And the Sixth Circuit extended this reasoning in *Kellom* to the exhaustion requirement in 28 U.S.C. § 2675(a), "the FTCA's provision requiring plaintiffs to first file an administrative claim."  2021 WL 4026789, at *2–3.  As Judge Christoff concluded, the administrative filing requirement of 28 U.S.C. § 2675(a) is a mandatory claim-processing rule.  This means the Court "must enforce the rule if a party 'properly raise[s]' it."  *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (quoting *Eberhart v. United States*, 546 U. S. 12, 19 (2005)).

As noted above, Plaintiff asserts tort claims over the medical care his mother received at MHC.[2]  Defendant moves to dismiss the complaint for failure to state a claim because Plaintiff failed to exhaust his administrative remedies under 28 U.S.C. § 2675(a).  And Plaintiff does not

---

[2] The Court had found that MHC and its employees qualify as federal employees and that they acted within the scope of their employment while providing the allegedly negligent medical care. (ECF Nos. 1-2; 1-4; 7.)

dispute his failure to exhaust.  And so dismissal without prejudice is proper.  *See Kellom*, 2021 WL 4026789, at *2; *see also Powers*, 2019 WL 1424331, at *3.

## CONCLUSION

Having reviewed the R&R and the entire record here, the Court **ADOPTS** the R&R in its entirety and therefore **GRANTS** the motion to dismiss for failure to state a claim.  The Court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE**.

**SO ORDERED**, this 31st day of January, 2022.

                                     s/Thomas L. Parker
                                     THOMAS L. PARKER
                                     UNITED STATES DISTRICT JUDGE